O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS CARDAN,<br><br>               Plaintiff,<br>    v.<br>ANTONIO VILLARAIGOSA et al.,<br><br>               Defendants. | Case No. 2:13-cv-4625-ODW(PJWx)<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION** |

      In its July 2, 2013 Order, the Court pointed out that the Complaint failed to states facts that would give rise to federal-question jurisdiction. (ECF No. 6.) Thereafter, Plaintiff Cyrus Cardan filed his First Amended Complaint. (ECF No. 7.) The main difference between the First Amended Complaint and the original Complaint is the insertion of the federal statute 26 U.S.C. § 42.

      Cardan's First Amended Complaint appears to allege a breach of contract against about a hundred defendants, concerning violations of rental agreements at the Rainbow Apartments. While Cardan's Complaint alleges there is federal-question jurisdiction under 28 U.S.C. § 1331, the Court does not see how that applies.

      Section 42 regulates the low-income housing credit for qualified low-income buildings. There is no individual cause of action set forth in the statute. Further, Cardan does not explain how this statute applies to his case, and the Court cannot see how it could apply. The only relation between the statute and this case is the fact that

the Rainbow Apartments were allegedly built, maintained, and regulated under the low-income housing guidelines under the statute. But this alone does not give rise to federal-question jurisdiction.

Although the Court is required to give pro se plaintiffs some leniency in terms of procedure, the complaint must still be adequately plead. *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). The Court finds nothing in the First Amended Complaint that would rise to subject-matter jurisdiction. The Court also believes that any further attempts to perfect the pleadings would be futile under these facts. Thus, this case is hereby **DISMISSED** for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

**IT IS SO ORDERED.**

August 7, 2013

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**